UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:05CV-66-H

JONAS SOSA SR.                                                                                    PLAINTIFF

V.

US BANCORP, a corporation                                                                DEFENDANT

**MEMORANDUM AND ORDER**

      This is an unusual case in which Plaintiff has filed an action against his wife's employer, US Bancorp, alleging injuries to him as a result of their actions against her. Immediately after the filing of the complaint Defendant, US Bancorp, moved to dismiss. This Court stayed discovery pending a review of that motion. The Court has now taken an opportunity to do so.

      The facts alleged in the complaint are as follows. Plaintiff's spouse was an employee of US Bancorp. On or about June 29, 2002, she alleges receiving an injury during the course of her employment and in the presence of her supervisor. Thereafter, she either filed for or attempted to file a claim for workers compensation benefits.

      Plaintiff has alleged nine causes of action against US Bancorp. The first cause of action is for Plaintiff's loss of consortium as a direct result of his wife's injury by not having the services of her companionship and their sexual relationship. The remaining claims of misrepresentation, breach of fiduciary duty, fraud, discrimination, retaliation, obstruction of justice, harassment and abuse of process arise from actions allegedly taken by US Bancorp against Plaintiff's spouse or to thwart Plaintiff's spouse from asserting her rights under the workers compensation laws.

There are two reasons why Plaintiff cannot assert these claims against US Bancorp. Both are grounded upon basic principles of Kentucky law.

First, the Kentucky Workers Compensation Act, Chapter 342.690, provides that the liability of an employer under the workers compensation statute is exclusive and is in place of all other liability of that employer to the employee and others, including the employee's husband or wife. This is a fairly elementary proposition under Kentucky workers compensation law and applies here literally to all of Plaintiff's claims. It certainly applies to Plaintiff's claims for loss of consortium. It also applies to Plaintiff's claim with the workers compensation process. If Plaintiff has an objection to the process or the conduct of the hearing, the appropriate remedy is through that very same administrative process or an appeal from it. The workers compensation statutes provide protections against just the sort of abuses that Plaintiff has alleged. *See Zurich Ins. Co. v. Mitchell*, 712 S.W.2d 340, 341-42 (Ky. 1986).

Second, Plaintiff also lacks standing to bring the claims set forth in Counts 2 through 9 of his complaint. The Supreme Court has established that the "irreducible constitutional minimum of standing" contains the following three elements:

> First, the plaintiff must have suffered an "injury in fact"– an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . .th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations omitted). The injuries Plaintiff claims are actually those of his wife and not of himself. If US Bancorp in

any way defrauded or conspired against Plaintiff's spouse to deprive her of her rightful workers compensation benefits, then the remedy for the abuse lies with her and not with Plaintiff. For example, in *Knoll v. City of Chesterfield*, 71 F. Supp. 2d 959 (E.D. Mo. 1999), the court held that a city police officer's wife lacked standing to challenge a city rule prohibiting city employees from participating in political campaigns because she could not show an injury in fact. As the court noted,

> to expand the concept of standing to encompass familial economic interdependence would allow, for example, an employee's spouse an dependents to bring derivative causes of action in almost any suit based on the employee's termination or suspension without pay.

*Id.* at 961. Plaintiff may not attempt to sidestep the provision of the Workers Compensation Act by pleading what are essentially his wife's claims. *See Dismas Charities, Inc. v. U.S. Dept. of Justice*, 410 F.3d 666, 674 (6th Cir. 2005) ("the general prudential standing requirement [is] that plaintiffs . . . may generally litigate only their own rights, and not those of third parties" (*citing Kowalsi v. Tesmer*, 125 S.Ct. 564 (2004))).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of US Bancorp to dismiss is SUSTAINED and Plaintiff's claim is DISMISSED WITH PREJUDICE.

This is a final and appealable order.

cc: Jonas Sosa Sr., *Pro Se*
      Counsel of Record